[No. S053191. Mar. 17, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD ROSBURY et al., Defendants and Appellants.

COUNSEL

Marilyn Drath, Valerie G. Wass and Gary M. Mandinach, under appointments by the Supreme Court, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sharon Wooden Richard, Sanjay T. Kumar, Linda C. Johnson, Pamela C. Hamanaka and Richard B. Cullather, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.**—Terral Darnell McMillan, Edward Rosbury's codefendant, was convicted of an attempted second degree robbery he committed in 1994. (Pen. Code, §§ 211, 664, & former § 212.5, subd. (b), as added by Stats. 1986, ch. 1428, § 2, p. 5123.) He was prosecuted under the three strikes law codified at Penal Code section 667.[1] As required by subdivision (c) of section 667, the prosecution "pled and proved" that he had "one or more prior felony convictions as defined in subdivision (d)"—namely, a prior conviction for a 1993 robbery, a serious felony (§ 1192.7, subd. (c)(19)). He was on probation for the 1993 offense.

The trial court sentenced McMillan (hereafter defendant) to the middle term of two years' imprisonment for the attempted second degree robbery. (§ 18; former § 213, subd. (b), as added by Stats. 1986, ch. 1428, § 4, p. 5124.) The court doubled the term to four years because this current felony conviction was defendant's "second strike"—i.e., the prosecution had "pled and proved" (§ 667, subd. (e)(1)) that he had a prior conviction for a serious or violent felony (see *id.*, subd. (d)(1)), namely the 1993 robbery. Because his current offense was a serious felony (§ 1192.7, subd. (c)(19); see *id.*, foll. subd. (c)(27)), the court also added a five-year enhancement (§ 667, subd. (a)(1)) for having committed the 1993 robbery, which, as stated, also was a serious felony. The result was a determinate sentence of nine years for defendant's current conviction. The court also found him in violation of his

---

[1]All unlabeled section references are to this code. Section 667 provides in pertinent part:

"(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following:

". . . . . . . . . . . . . . . . . . . . . . . .

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e).

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

"(8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law.

"(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. . . . None of the following dispositions shall affect the determination that a prior conviction is a prior felony for purposes of subdivisions (b) to (i), inclusive:

"(A) The suspension of imposition of judgment or sentence.

"(B) The stay of execution of sentence."

grant of probation for the 1993 robbery and revoked the same, imposing a three-year prison term to be served concurrently with the nine-year term for the current offense.

The Court of Appeal affirmed the judgment, but modified it to require that the term for the 1993 robbery conviction be served consecutively as a subordinate term to the nine-year term for the 1994 attempted robbery. Relying on *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040], it concluded that the trial court's concurrent sentence was "legally unauthorized" and modifiable on appeal even if not contested in the trial court.

To reach the conclusion that the sentence was unlawful, the Court of Appeal reasoned: "When sentenced on November 22, 1994, in the present case, defendant also received a three-year concurrent term for his probation violation for the robbery in [1993]. In other words, the probation violation *sentence* ran [con]currently with defendant's new case which is the subject of the present appeal. [¶] . . . Defendant, who falls within the habitual offender provisions of section 667, subdivision (e), stands convicted of two serious felonies, robberies, and is presently subject to concurrent sentences. This is a legally unauthorized sentence because defendant must be sentenced consecutively pursuant to section 667, subdivision (c)(7)." (Italics added.)

■ Defendant contends "[i]n holding that the trial court was under a duty . . . to impose consecutive sentences for [the] current offense and in the probation violation matter, the Court of Appeal [erroneously] characterized the conviction in the probation violation matter as a 'current conviction.' "

Because the legality of defendant's sentence is a purely legal matter, we review its propriety de novo. Under that standard, we find defendant's point well taken: by equating the imposition of *sentence* following his probation violation with a current *conviction*, the Court of Appeal erred.

The sole basis for the Court of Appeal's reversal of the trial court's imposition of concurrent sentences was the reviewing court's conclusion that section 667, subdivision (c)(7), required consecutive sentences.

As far as the consequences of defendant's recidivism are concerned, the trial court properly calculated and determined his sentence. He was convicted of attempted second degree robbery, a serious felony, in the present

proceeding. The prosecution had established by pleading and proof that he had "a prior conviction of a felony" (§ 667, subd. (d)), "defined in subdivision (c) of Section 1192.7 as a serious felony in this state" (*id.*, subd. (d)(1)). The fact that he was on probation for the prior offense was immaterial. (§ 667, subd. (d)(1)(A); see § 1203, subd. (a) ["As used in this code, 'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer."].) But defendant did not suffer "a current conviction for more than one felony count" (§ 667, subd. (c)(6)) or "for more than one serious or violent felony as described in paragraph (6)" (*id.*, subd. (c)(7))—in fact the prosecution's pleading and proof established the fact of a prior conviction. *People* v. *Williams* (1996) 49 Cal.App.4th 1632 [57 Cal.Rptr.2d 448], held that under the three strikes law "when guilt is established, either by plea or verdict, the defendant stands convicted and thereafter has a prior conviction." (*Id.* at p. 1638.) In light of the prosecution's proof of a prior conviction, we need not embark on an exhaustive review of the conclusion reached in *Williams* to conclude that the People have not shown defendant was convicted of his 1993 offense in the present proceeding.

Conceding that subdivision (c)(7) of section 667 does not apply, the People contend instead that defendant is subject to consecutive sentencing under subdivision (c)(8) of section 667. We disagree: he was not "already serving" "any other sentence" when "sentence [was] imposed pursuant to subdivision (e)" of section 667. (*Ibid.*)

In support of their view that subdivision (c)(8) of section 667 requires a consecutive sentence to be imposed, the People assert that as long as defendant has been granted a term of probation and that term has not expired, he is "serving" another "sentence." (*Ibid.*) They rely on rule 405(f) of the California Rules of Court. That rule provides: " 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial."

We are not persuaded. A court rule is without effect to the extent it is "inconsistent with statute." (Cal. Const., art. VI, § 6, 4th par.; *People* v. *Hall* (1994) 8 Cal.4th 950, 960 [35 Cal.Rptr.2d 432, 883 P.2d 974].) The Legislature has treated the concepts of sentence and probation differently. It has done so in the three strikes law: section 667, subdivision (c)(2), specifies that when the defendant is sentenced for a second or third strike, "[p]robation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense." It has done

so in section 1203, subdivision (a), quoted *ante,* and in sections 1170, subdivision (a)(3), 1203a, and 1203.2, subdivision (c). No matter whether sentence was originally imposed or suspended, it does not begin to be served following probation revocation until the offender is "delivered over to the proper officer" (§ 1203.2, subd. (c); see *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 874 [338 P.2d 182].) In this case, defendant did not begin to serve his sentence before he was committed to the sheriff's custody (§§ 1215, 1216; see *People* v. *Karaman* (1992) 4 Cal.4th 335, 345-346 [14 Cal.Rptr.2d 801, 842 P.2d 100]), and likely not until the sheriff delivered him to prison (§§ 1216, 2900, subds. (a), (c)). We need not dwell further on this technical point, however—it suffices to say that, being on probation, defendant was not already serving his sentence for purposes of section 667, subdivision (c)(8).

We address two other points. First, the People contend, as outlined during oral argument, that it would be arbitrary for a sentence's length to depend on the sequence of procedure—i.e., the sentence would be longer if, unlike here, a court first imposed a sentence to prison for violating probation and thereafter it or another court imposed a prison term under section 667, subdivision (e). In that case, subdivision (c)(8) of section 667 might require consecutive sentencing. We share the People's implicit concern about races to the courthouse, and we note generally the sense of " 'frustration' " (*People* v. *Winslow* (1995) 40 Cal.App.4th 680, 684, fn. 1 [46 Cal.Rptr.2d 901]) that our sentencing laws' " 'labyrinthine formalism' " (*ibid.*) and "bewildering . . . complexity" (*ibid.*) have furrowed into the psyche of trial courts, counsel, and defendants, but we must follow the statutory mandate.

Citing subdivision (c) of section 1170.1, the People also contend that "[o]ffenses committed while a defendant is in prison are already fully consecutive to the sentence for the offense for which the defendant was in prison. . . . Thus if subdivision (c)(8) [of section 667] were intended to apply only to those situations, the statute would in effect be nothing but surplusage." But this characterization is inaccurate. Subdivision (c)(8) of section 667 is not limited to in-prison offenses, and section 1170.1, subdivision (c), does not direct that all in-prison offenses must be punished by consecutive sentences. Rather, it provides that if a consecutive sentence is imposed for such an offense, the term runs from the time the defendant otherwise would have been released from prison.

We reverse the Court of Appeal's judgment insofar as it orders defendant's sentences to run consecutively and that the trial court so direct. In all other respects, we affirm the judgment.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.