Filed 6/27/13  P. v. Buckels CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B242631 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA094626) |
| v. | |
| DARRYL C. BUCKELS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mike Camacho, Judge.  Sentence vacated and remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Darryl Buckels appeals from a judgment entered after a jury found him guilty of three counts of attempted murder and found firearm and gang enhancement allegations to be true. After Buckels admitted a prior serious or violent felony conviction, the trial court sentenced him under the Three Strikes law to 170 years to life in prison. Buckels contends the court erred in sentencing him. We agree and vacate his sentence and remand the matter for a new sentencing hearing.

## BACKGROUND

In the afternoon on June 14, 2011, Alfredo Lopez, Benjamin Valencia and Raul Valdez (the victims) were sitting under a tree smoking when Buckels walked up to them and asked, "'Where are you from?'" The victims understood Buckels was asking them if they belonged to a gang. They told Buckels they were from "'nowhere'" and did not "'bang.'" Buckels continued "pushing the issue" and asking the victims if they were from "'somewhere.'" They continued to deny any gang affiliation. Buckels grabbed a cigarette from Valdez, saying, "'It is my cigarette.'" Buckels also said he was from Neccland Crips gang. Buckels walked away.

When Buckels was about 15 feet away from the victims, he started shooting a gun at them. A bullet struck Lopez near his left shoulder and lodged inside his body. As Lopez ran away, another bullet entered and exited his left arm near his wrist. A bullet grazed Valencia's left leg, leaving a wound that required six stitches.

Detectives interviewed Buckels three days after the shooting. The interview was video recorded. The video was played for the jury. During the interview, Buckels admitted he fired his gun in the victims' direction. He claimed he was not trying to hit them. He said he was angry because he believed the victims were responsible for firing upon his mother's car while it was unoccupied and parked in the driveway of his residence. He approached the victims and asked them about the car shooting, but they denied involvement. As he was walking away from them, one of the victims said "some

2

slick shit" to him and he began firing.[1]  Buckels denied the shooting was gang motivated and denied asking the victims where they were from.

The parties stipulated Neccland Crips is a criminal street gang within the meaning of section 186.22, subdivision (b).  The prosecution's gang expert testified Buckels is an admitted member of Neccland Crips and had numerous tattoos demonstrating his affiliation with Neccland Crips.  The expert also testified the scene of the offenses in this case is an area claimed by a rival gang of Neccland Crips.  The expert stated a Neccland Crips gang member goes into rival gang territory with a gun "to put in work" for the gang.  In response to the prosecutor's hypothetical based on the facts of this case, the expert opined the shooting was committed for the benefit of the gang.  According to the expert, this type of shooting "instills fear within the community that Neccland Crips will act any time, day or night, and it also builds his status up within the gang where's he's brazen enough to go out in the middle of the day and commit this crime."

The jury found Buckels guilty of the attempted murders of Alfredo Lopez, Benjamin Valencia and Raul Valdez (Pen. Code,[2] §§ 187, subd. (a) & 664), and found true allegations that the attempted murders were willful, deliberate and premeditated.  The jury also found true allegations that, in the commission of the attempted murders, Buckels personally and intentionally discharged a firearm, causing great bodily injury to Lopez and Valencia.  (§ 12022.53, subds. (b)-(d).)  Finally, the jury found true gang enhancement allegations under section 186.22, subdivision (b).  Buckels waived his constitutional rights and admitted the allegations that he had sustained a prior conviction of a serious or violent felony (attempted robbery) within the meaning of the prior serious felony enhancement and the Three Strikes law.  (§§ 667, subd. (a)(1), (b)-(i) & 1170.12, subds. (a)-(d).)

---

[1] Based on this evidence, the trial court decided to instruct the jury on attempted voluntary manslaughter (heat of passion), over the prosecutor's objection.

[2] Further statutory references are to the Penal Code.

3

The trial court sentenced Buckels to 170 years to life in prison. For the attempted murder of Lopez (count 1), the court sentenced Buckels to 15 years to life (§ 186.22, subd. (b)(5)), doubled to 30 years to life under the Three Strikes law, plus a consecutive term of five years for the prior serious felony enhancement under section 667, subdivision (a)(1), and a consecutive term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). The court sentenced Buckels consecutively on the attempted murders of Valencia (count 2) and Valdez (count 3), imposing the same terms it had imposed on count 1, minus the 5 years for the prior serious felony. Hence, the court sentenced Buckels to 55 years to life on count 2 and 55 years to life on count 3.

The trial court also sentenced Buckels to a concurrent term of two years for his prior attempted robbery conviction in Los Angeles County Superior Court case No. KA090779, after finding Buckels had violated his probation in that case.[3]

## DISCUSSION

### I.  Gang Enhancements

The jury found Buckels committed each of the three attempted murders "for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members," within the meaning of section 186.22, subdivision (b). Subdivision (b)(5) of section 186.22 provides, in pertinent part, "any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." In accordance with this provision, the trial court sentenced Buckels to 15 years to life on each of the three attempted murder counts (doubled to 30 years under the Three Strikes law).

Buckels contends the trial court should have stayed two of the three gang enhancements under section 654, which provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under

---

[3] The Clerk's Transcript on appeal includes the documents filed in case No. KA090779 (the attempted robbery/probation violation case). Buckels did not file a Notice of Appeal in that case.

4

the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Buckels argues "each enhancement shared a singular and concurrent criminal intent and was based upon the same criminal action of firing the firearm in an attempt to kill one or more of the victims within a specified 'kill zone.'"

Buckels concedes section 654 does not bar separate punishment for the three attempted murders or the three firearm enhancements. "There is a multiple victim exception to section 654 which allows separate punishment for each crime of violence against a different victim, even though all crimes are part of an indivisible course of conduct with a single principal objective. [Citation.] An assailant's greater culpability for intending or risking harm to more than one person precludes application of section 654. [Citation.]" (*People v. Felix* (2009) 172 Cal.App.4th 1618, 1630-1631.) Buckels argues section 654 bars separate punishment for the three gang enhancements, however, "because the gang enhancements are not crimes of violence as anticipated under the multiple-victim exception."

Section 654 prohibits multiple punishment for offenses involving a single intent and objective. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) It does not prohibit imposition of the same sentencing enhancement to several offenses if those offenses are found to have had separate intents and objectives. (*People v. Bragg* (2008) 161 Cal.App.4th 1385, 1403[imposition of multiple gang enhancements under § 186.22 was proper where defendant committed three attempted murders, by firing a gun into a crowd, on behalf of the same criminal street gang]; see also *People v. Akins* (1997) 56 Cal.App.4th 331, 339 ["Although defendant may have had one objective to benefit his gang, the robberies and assaults . . . involved separate victims, were separated by time and distance, and were separate robberies. . . . Thus, even taking defendant's argument that the crimes constituted a continuous course of conduct comprising an indivisible transaction, the two gang enhancements were proper because there were two independent victims and two distinct robberies"].)

5

Because there were three victims of the three crimes of violence in this case, each of the three attempted murders had a separate intent and objective, as Buckels acknowledges. Thus, section 654 did not prohibit imposition of the gang enhancement on each count of attempted murder. Buckels's argument that only enhancements which constitute "crimes of violence"—e.g., firearm enhancements—are within the scope of the multiple victim exception under section 654 is without merit and not supported by authority.

## II. Consecutive Sentencing

Buckels asserts the trial court did not understand it had discretion under the Three Strikes law to sentence him to concurrent terms on the three counts of attempted murder. He contends the matter must be remanded for a new sentencing hearing due to this prejudicial error. The Attorney General argues, "The record does not show that the trial court misunderstood or abused its sentencing discretion."[4] Based on our review of the record it appears the court erroneously believed consecutive sentences were mandatory. Accordingly, we vacate Buckels's sentence and remand the matter for a new sentencing hearing.

Consecutive sentences are not mandatory under section 667, subdivision (c)(6), where multiple crimes are committed on the same occasion or arise from the same set of operative facts. (*People v. Deloza* (1998) 18 Cal.4th 585, 591; section 667, subd. (c)(6) ["If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count . . . ."].) Thus, the trial court in this

---

[4] The Attorney General also argues the issue is forfeited because Buckels's counsel did not object below. We disagree. Buckels is not raising on appeal an issue about the manner in which the court exercised its discretion or the reasons it stated for imposing consecutive sentencing. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].) Buckels is claiming the trial court erroneously believed—and indicated on the record—it did not have discretion and had no alternative but to impose consecutive sentencing. This claim of error was not forfeited and may be raised on appeal.

case had discretion to impose either consecutive or concurrent terms on counts 1, 2 and 3. (*People v. Deloza*, *supra*, 18 Cal.4th at pp. 591, 596.)

Buckels submitted a sentencing memorandum "object[ing] to the imposition of the maximum sentence," and requesting the trial court "impose the minimum sentence possible under the statutory design." (Caps. and bold font omitted.) In the memorandum, Buckels did not set forth the particular term he wanted the court to impose, but "urge[d] the court to exercise its fullest discretion [under section 1385, subdivision (a)] when sentencing [him]." Buckels highlighted his age, 19 years at the time he committed the offense, 20 years at sentencing. He also noted he "is one of several siblings who were raised by a single mother" "in a low income, gang infested neighborhood in the city of Pomona." Buckels requested a sentence which would allow him "to rehabilitate himself and lead a productive life."

Neither Buckels nor the People addressed in their sentencing memoranda the court's discretion to impose either consecutive or concurrent terms on the offenses. The People, however, requested in their sentencing memorandum the court impose a sentence of at least 125 years to life, indicating their position consecutive terms were warranted. The People listed numerous circumstances in aggravation.

At the sentencing hearing, Buckels's counsel argued the trial court should sentence Buckels "to the minimum," again highlighting Buckels's age and the circumstances of his upbringing. Counsel also argued Buckels "took responsibility for the crime" and admitted he had committed the shooting when he was interviewed by the detectives. Finally, counsel argued the evidence at trial demonstrated Buckels had the opportunity to kill the victims but did not. Buckels's mother also addressed the court, providing information about his life and requesting leniency in light of his age. The prosecutor did not present oral argument regarding sentencing, submitting on the sentencing memorandum.

Before imposing sentence, the trial court stated: "What I want everyone to understand is because of the nature of the charges in this case and, Ms. Nur [defense counsel], obviously you argued the case, you pointed out to the jury that there was no

7

intent to kill. You raised those issues before the trier of fact competently so [sic] and something that I would expect you to raise and you certainly did that. But I cannot ignore the jury's finding and the jury has returned these verdicts as charged, which means that the court is bound by the sentencing law, [sic] gives me no discretion whatsoever then to impose what the law mandates. I have very little to no discretion in this matter so I have to sentence according to what the law is mandated [sic] which I'm constitutionally required to follow without deviation. [¶] So, Mr. Buckels, it is the judgment and sentence of the court that you be imprisoned in the state prison for the term prescribed by law and it falls within indeterminate sentencing."

The trial court imposed sentence as set forth in detail above: 60 years to life on count 1, 55 years to life on count 2, and 55 years to life on count 3, for a total sentence of 170 years to life. The court did not expressly state it was sentencing Buckels to consecutive terms on the offenses, but it stated "the total aggregate indeterminate sentence in this matter is 170 years to life imprisonment in the state prison," making its choice to impose consecutive sentencing clear.

At the conclusion of the sentencing hearing, the trial court made the following comments: "Mr. Buckels, I have to remand you to the custody of the sheriff until transport to the Department of Corrections and I hope you understand it serves me no pleasure to have to do what I had to do today. But the law requires these sentences be imposed. I have very little to no flexibility in that matter. All I can do, sir, is I feel real sorry for your family. They are good people. They are here. I really wish I could have accommodated their request but the law just does not allow me to do it."

The trial court's comments indicate it believed it was required to impose a sentence of 170 years to life and had no discretion to sentence Buckels to a shorter term. As discussed above, that sentence was not mandatory.

Because the record indicates the trial court "misunderstood the scope of its discretion to impose concurrent sentences for defendant's current convictions, and erroneously believed consecutive sentences were mandatory," we vacate Buckels's sentence and remand the matter for a new sentencing hearing. (*People v. Deloza*, *supra*,

8

18 Cal.4th at p. 600.)  We express no opinion on whether the court should impose concurrent or consecutive terms on counts 1, 2 and 3 in the exercise of its discretion.[5]

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


                                                                CHANEY, J.

We concur:


MALLANO, P. J.


JOHNSON, J.

---

[5] In his opening appellate brief, Buckels argued the trial court incorrectly imposed a concurrent rather than a consecutive term on the probation violation under section 667, subdivision (c)(7).  This subdivision provides:  "If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 667, subd. (c)(7).)  Buckels made this argument in support of his assertion the court misunderstood its sentencing authority under the Three Strikes law.  He expressly abandoned this argument in his appellate reply brief, however, after the Attorney General pointed out section 667, subdivision (c)(7), did not require the court to impose a consecutive term on the probation violation because the prior conviction was not a "current conviction" within the meaning of subdivision (c)(7). (*People v. Rosbury* (1997) 15 Cal.4th 206, 209-210.)