Filed 3/26/14  P. v. Pollard CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B250254 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. GA082389) |
| VURNELL D. POLLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, and Vurnell D. Pollard, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Vurnell D. Pollard appeals from the judgment entered after his no contest plea to a count of first degree residential robbery and a count of first degree residential burglary. His appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, and defendant filed a supplemental brief.

Defendant was charged with one count of first degree residential robbery (Pen. Code, § 211) and one count of first degree residential burglary (§ 459)[1] as to the same residence; both crimes were alleged to have occurred on January 31, 2011. A personal use of a firearm allegation (§ 12022.53, subd. (b)) was attached to each count. In a third count, defendant was charged with evading a police officer on the same date (Veh. Code, § 2800.2, subd. (a)). In a fourth count, he was charged with first degree residential burglary (§ 459) for allegedly burglarizing a different residence on January 30, 2011. As to all counts, it was alleged that defendant had been released on bail in case no. SA070507 (§ 12022.1). A prior strike conviction also was alleged.

Defendant pled no contest to counts 1 and 4 and admitted the firearm allegation and prior strike conviction in exchange for an agreed-upon sentence of 23 years and eight months. At the time of the plea, it was understood that defendant's sentence in this case would run concurrently to his sentence in case no. SA070507. Defendant was later allowed to make a pro. per. motion to withdraw his plea. The motion was based on allegations of ineffective assistance of counsel, including an allegation that counsel had promised defendant could recover property seized from his car at the time of arrest. The court denied the motion, finding no such promise was made.

Before sentencing, the court reconsidered whether it should allow defendant to withdraw his plea on the ground that his sentence in this case should run consecutively to the sentence in case no. SA070507. It concluded that a concurrent sentence was correct under *People v. Rosbury* (1997) 15 Cal.4th 206, 211, because defendant had not yet been delivered to prison. The court imposed the agreed-upon sentence, awarding defendant 798 days of actual credit and 119 days of conduct credit. The court held an evidentiary

---

[1] Undesignated citations are to the Penal Code.

hearing on defendant's motion for return of property, granted the motion in part, and directed that all seized property be preserved.

The record on appeal does not include a certificate of probable cause, and defendant's notice of appeal states that it is based upon the sentence or other matters that arose after entry of the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(4).) In his supplemental brief, defendant argues that he was denied a continuance at some unspecified time, that he was denied effective assistance of counsel during the plea process, that *People v. Rosbury*, *supra*, 15 Cal.4th 206 is distinguishable, and that the court was required to impose the sentence in this case consecutively to the sentence in case no. SA070507. Defendant requests that we vacate the sentence and allow him to withdraw his plea.

A defendant must obtain a certificate of probable cause to challenge the validity of a guilty plea, as well as the denial of a motion to withdraw the plea. (§ 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 676, 679.) "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*Id.* at p. 678.) Such a challenge "'is, in substance, a challenge to the validity of the plea . . . .'" (*Id.* at pp. 678–679.) The imposition of a concurrent sentence in this case was an integral aspect of the plea agreement, and defendant may not challenge it without a certificate of probable cause. A certificate of probable cause also is required for his challenge to the effectiveness of counsel during the plea bargaining process.

We have reviewed the whole record under *People v. Kelly* (2006) 40 Cal.4th 106. No arguable issues for appeal exist.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P.J.

We concur:


WILLHITE, J.


EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.