Filed 3/20/24  P. v. Stephens CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THRIASHAUN STEPHENS,<br><br>    Defendant and Appellant. | B328643<br><br>(Los Angeles County<br>Super. Ct. No. NA117871) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed as modified.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Stephanie Santoro, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Thriashaun Stephens (defendant) was placed on probation after pleading guilty to robbing K.S. Later, the trial court found he violated the terms of his probation by trying to smother his girlfriend, J.N., with a pillow. For the violation, the court ordered probation terminated and sentenced defendant to three years in prison on the robbery conviction.

Also before the trial court during the probation violation hearing was a separate alleged misdemeanor domestic violence charge involving the victim of defendant's earlier robbery conviction, K.S. The prosecution indicated it would agree to dismiss the misdemeanor domestic violence charge if defendant agreed to a ten-year criminal protective order restraining him from having any contact with K.S. Defendant agreed, and the trial court dismissed the misdemeanor domestic violence charge. Relying on Penal Code section 136.2, subdivision (i)(1),[1] the trial court issued criminal protective orders on January 26, 2023, that restrain defendant from having any contact with both J.N. and K.S. for ten years.

Defendant noticed an appeal from the judgment entered as the result of his probation violation. His appointed attorney, Richard Lennon, initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and declared he could find no arguable issues to raise on appeal. This court thereafter undertook an independent view of the record and ordered Mr. Lennon to file a supplemental opening brief addressing a single issue, namely, "whether the January 26, 2023, protective orders issued by the trial court are authorized by Penal Code section

---

[1]    Undesignated statutory references that follow are to the Penal Code.

2

136.2 (or any other law)." This court also invited the Attorney General to file a response.

Defendant's supplemental opening brief argued the protective orders issued without a proper statutory basis because a ten-year criminal protective order can issue under section 136.2, subdivision (i) only when a defendant is convicted of a crime involving domestic violence and defendant's only crime of conviction—obtained as a result of a guilty plea to a robbery charge—does not qualify as a crime involving domestic violence under the statute. The Attorney General filed a letter brief in response arguing both protective orders properly issued. The Attorney General argues K.S. was in a "dating-type relationship" with defendant when he robbed her of a gold necklace and, relying solely on a probation report, contends he struck her in the face during the course of the robbery. As to the protective order for J.N., the Attorney General argues she was defendant's girlfriend at the time and defendant's actions placed her in reasonable apprehension of imminent death by suffocation.

Section 136.2, subdivision (i) provides in relevant part that "[w]hen a criminal defendant has been convicted of a crime involving domestic violence, as defined in Section 13700 or in Section 6211 of the Family Code . . . , the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail, whether the defendant is subject to mandatory supervision, or whether imposition of sentence is suspended and the defendant is placed on probation." As we now explain, the record does not

permit a conclusion that this statute authorizes the criminal protective orders entered by the trial court.

Regarding the K.S. protective order, robbery is not a domestic violence offense (*People v. Garcia* (2022) 76 Cal.App.5th 887, 901) and neither defendant's change of plea hearing nor any other materials in the record establish the crime otherwise "involv[ed]" domestic violence. More specifically, we do not believe the probation report on which the Attorney General relies (the facts of which defendant did not admit in entering his plea) suffices to establish defendant abused K.S. in robbing her. In addition, neither the probation report nor any other record materials establish K.S. and defendant were in a dating relationship at the time of the robbery.[2]

With respect to the J.N. protective order, it is uncontested that defendant was in a dating relationship with her at the time of the probation violation. The problem, however, is that finding defendant violated the terms of his probation by engaging in violence against J.N. is not a "conviction" for committing a crime. (See *People v. Rosbury* (1997) 15 Cal.4th 206, 209.) Procedural safeguards in probation violation proceedings are less stringent than they are in criminal trials (see, e.g., *People v. Rodriguez* (1990) 51 Cal.3d 437, 446), and the Legislature's use of the term "conviction" evinces an intent to limit use of criminal protective orders—which can remain in force, as in this case, as long as ten

---

[2]     The separate misdemeanor domestic violence charge discussed earlier in our opinion is irrelevant to our analysis. That charge was dismissed, and defendant obviously cannot be said to have been convicted on a dismissed charge.

years—to situations where the more stringent criminal safeguards have led to a finding of guilt.[3]

Defendant has raised no other challenges to the judgment and our independent review has uncovered no other arguable issues. We shall therefore strike the criminal protective orders and affirm the judgment as so modified.

---

[3] Of course, if the Legislature wishes to permit use of criminal protective orders to circumstances beyond criminal convictions, it is free to do so by amending the text of section 136.2, subdivision (i).

## DISPOSITION

The trial court's ten-year criminal protective orders entered on January 26, 2023, for victims K.S. and J.N. are vacated. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

LEE, J.*

---

\*     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.