Filed 4/9/26  P. v. Navarro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085320 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCS330448, SCS315104) |
| v. | |
| JERMAYN NAVARRO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed in part; reversed in part; remanded with directions.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting, Heather B. Arambarri, Elizabeth M. Renner and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Jermayn Navarro was convicted by jury of a robbery he committed in 2024 (2024 robbery). When Navarro committed this offense, he was on probation for another robbery, for which he was convicted in 2021 (2021 robbery). At the preliminary hearing for the 2024 robbery, the court revoked his probation for the 2021 robbery. At sentencing on both robberies, the court sentenced Navarro to four years for the 2024 robbery, and a consecutive term of one year for the 2021 robbery. In making its order, the court expressed its belief that consecutive sentencing was required under Penal Code[1] section 667.

The parties agree that consecutive sentences were not required and the matter should be remanded for resentencing because of the trial court's misapprehension of its discretion to consider concurrent sentences. We likewise conclude that the trial court mistakenly believed consecutive sentencing was mandatory. Accordingly, we reverse the sentence and remand for resentencing for the court to exercise its discretion whether to run the sentences consecutively or concurrently. In all other respects, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

*A. The Present Case: 2024 Robbery*

In March 2024, Navarro walked out of a Costco with an unpaid bottle of tequila, causing a loss prevention officer to follow him outside the store and confront him. As the officer requested Navarro to place the bottle on the ground, Navarro made threatening remarks to him, including that he would break his glasses. The officer contacted 911 and Navarro was arrested in an apartment complex near the Costco where the crime occurred. At the time of

---

[1] All other references are to the Penal Code unless otherwise stated.

this offense, Navarro was on felony probation for the robbery he committed in 2020.

In July 2024, a jury found Navarro guilty of the 2024 robbery. (§ 211.) At a bifurcated hearing following the jury trial, Navarro admitted to an allegation that he committed the 2024 robbery while on formal felony probation, which rendered him ineligible for probation. (§ 1203, subd. (k).) Navarro also admitted to a strike prior and a serious felony prior. (§§ 667, subds. (a)(1), (b)-(i).)

B. *The Probation Case: 2021 Robbery*

In 2020, Navarro approached a stranger at a park, robbed him of his cell phone and debit card, and held a knife to the victim's face. Navarro pled guilty to robbery. (§ 211.) In June 2021, the court suspended imposition of sentence for three years and placed him on formal felony probation. In June 2024, at the preliminary hearing for the 2024 robbery case, the court revoked his probation and trailed sentencing after revocation until sentencing on the present case.

C. *Sentencing Hearing*

At the sentencing hearing for both robberies in October 2024, the court selected the low term of two years for the 2024 robbery. (§§ 211, 1203, subd. (k).) While the court exercised its discretion to strike the serious felony prior, it denied the defense's request to strike the strike prior, which doubled the sentence to four years.

Before proceeding to sentencing on the 2021 robbery, the court asked the parties: "Are either parties aware of any new laws that says I don't have to order consecutive time when it's a strike offense? I haven't been in a readiness department for a minute. *I think it has to be consecutive.*" (Italics added.) Neither counsel disagreed. The court then imposed sentence as

3

follows: "So I am going to order, as to the probation case, one-third the mid-term, which is one year, to be served consecutive to the previously ordered four-year term, for a total of five years." The court concluded: "So a total of five-year prison term, *which is, frankly, the least I can get to, legally, on this case,* given the allegation without striking the strike." (Italics added.)

## DISCUSSION

On appeal, Navarro contends that the court had authority to impose concurrent sentences for the robberies, and that the court abused its discretion by imposing a consecutive sentence without realizing it had discretion to order a concurrent sentence. The Attorney General concedes the issue. We agree.[2]

When considering a trial court's sentencing decision, we apply an abuse of discretion standard of review. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; accord, *People v. Hilburn* (2023) 93 Cal.App.5th 189, 205.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A trial court cannot properly exercise its informed discretion if it is unaware of its discretionary authority at the time a decision is being made. (*Ibid.*; *Panozo, supra*, 59 Cal.App.5th at p. 837; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)

A trial court generally has discretion to impose consecutive or concurrent sentences. (§ 669, subd. (a).) An exception applies when a sentence is imposed under section 667, subdivision (c)(8), which requires a

---

2     The Attorney General does not contend that this issue has been forfeited by Navarro's failure to raise it in the trial court. In *People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*), we concluded that forfeiture does not apply to claims that the trial court misapprehended its sentencing discretion.

4

strike sentence to run "consecutive to any other sentence that the defendant is *already serving*, unless otherwise provided by law" (italics added). From its comments at sentencing, it is clear the trial court believed consecutive sentences were required under this provision because it was imposing a strike sentence on the 2024 robbery.

As the parties now agree, the trial court was mistaken. When a defendant is placed on probation and imposition of sentence is suspended, as in Navarro's case, the defendant does not begin serving a sentence until a sentence is later imposed after revocation of probation and the defendant is delivered into custody for that offense. (*People v. Rosbury* (1997) 15 Cal.4th 206, 210–211 (*Rosbury*).) As noted above, Navarro committed robbery in 2024 while on probation for the 2021 robbery, which was a strike prior. The parties correctly point out that Navarro was not already serving a sentence on the 2021 robbery case when he was sentenced for the new offense. Navarro did not begin serving a sentence when he was placed on probation for the 2021 robbery because imposition of sentence was suspended. Moreover, although probation was revoked by the trial court when Navarro was bound over for the second robbery in 2024, he was not formally sentenced then. Instead, the trial court determined that it would trail sentencing until resolution of the new matter. Therefore, when the court sentenced Navarro for the 2024 robbery, he was not "already" serving a sentence on the 2021 robbery case. (§ 667, subd. (c)(8); see *Rosbury*, at pp. 210–211; cf. *People v. Gonzalez* (2019) 39 Cal.App.5th 115, 121 [defendant was already serving a sentence because he had been sentenced for violating his probation orders and he was still awaiting trial on the new offense].) Accordingly, we conclude that the trial court was unaware of its discretion to order concurrent

sentences because it erroneously believed it was required to impose consecutive sentences.

Where a sentencing court was not fully aware of the scope of its discretionary powers, the appropriate remedy is to remand for resentencing unless the record clearly indicates that the court would have reached the same conclusion even it had been aware it had such discretion. (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 878, fn. 16.) As the Attorney General concedes, the record contains no such clear indication. The sentencing hearing reflects that the court did not believe the maximum sentence was warranted. For instance, the court imposed the low term for the 2024 robbery charge considering the nature of the offense, and it exercised its discretion to strike the serious felony prior. Further, while the court refused to strike the strike prior, it also stated "I don't believe, legally, that's something I can do." The court's unprompted inquiry as to whether it was legally required to impose consecutive sentences could itself suggest that it would otherwise have considered imposing concurrent terms.

We therefore accept the Attorney General's concession that the case should be remanded for the trial court to exercise its discretion whether to impose consecutive or concurrent sentences. (See also *People v. Leon* (2016) 243 Cal.App.4th 1003, 1026 ["relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record"].)

## DISPOSITION

The sentence is reversed and the matter remanded to the trial court with directions to resentence Navarro in a manner consistent with this opinion.  In all other respects, the judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

KELETY, J.

7