Filed 5/29/26  P. v. Tucker CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085930 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD194308) |
| v. | |
| WILLIAM TERREL TUCKER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Reversed in part and affirmed in part with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natash Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

At a resentencing hearing under Penal Code[1] section 1172.1, subdivision (a)(1) for defendant William Terrel Tucker, the trial court reduced defendant's prison term by striking certain enhancements and re-imposing a restitution fine under section 1202.4, subdivision (b). Defendant appeals, arguing the court erred by failing to strike one of his gang enhancements and re-imposing the restitution fine. The People concede the gang enhancement must be reversed and the restitution fine vacated. We accept the People's concession, reverse the gang enhancement, vacate the restitution fine, remand with instructions, and otherwise affirm the judgment.

# II.

## BACKGROUND

In 2006, a jury convicted defendant of premeditated attempted murder (§§ 664, 187 subd. (a), 189; count 1) and assault with a firearm (§ 245, subd. (a)(2); count 2). For the attempted murder count, the jury found true that defendant personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (*id.*, subd. (c)), and personally discharged a firearm causing great bodily injury (*id.*, subd. (d)). For the assault with a firearm, the jury found true that defendant personally used a firearm (§ 12022.5, subd. (a)). In separate proceedings, defendant admitted to a prison prior

---

[1]     Undesignated section references are to the Penal Code.

(§§ 667.5, subd. (b), 668) a serious prior felony conviction (§§ 667 subd. (a)(1), 668, 1192.7 subd. (c)), a prior strike offense (§§ 667, subd. (b) through (i), 1170.12, 668), and gang enhancements as to both counts (§ 186.22, subd. (b)(1)).

The trial court sentenced defendant to life with the possibility of parole on the attempted murder count, with a minimum parole period of 15 years under the gang enhancement (§ 186.22, subd. (b)(5)), followed by 25 years to life for the section 12022.53, subdivision (d) gun enhancement. The court stayed punishment on count 2, assault with a firearm, and its related gang enhancement, and it also stayed all other gun enhancements on counts 1 and 2. The court imposed a five-year consecutive sentence for the nickel prior and, on its own motion, struck the first prison prior. The court ordered defendant to pay a restitution fine of $10,000 under section 1202.4, subdivision (b) and a parole revocation fine of $10,000 under section 1202.45.

Nearly 20 years later, the trial court initiated resentencing under section 1172.1, subdivision (a)(1).[2] Focusing on his recent record of rehabilitation, defendant contended his further incarceration was no longer in the interest of justice. He asked the court to exercise its discretion under section 1385 to strike the nickel prior and the section 12022.53, subdivision (d) gun enhancement, which would result in a reduced aggregate sentence of 15 years to life. The People opposed resentencing arguing a reduced sentence would endanger public safety.

---

[2]    Section 1172.1, subdivision (a)(1) allows a court to recall and resentence a defendant "if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." The court then sentences the defendant "in the same manner as if they had not previously been sentenced[.]"

The trial court held a resentencing hearing in early 2025. The court re-sentenced defendant on count 1 to 15 years to life without striking the related gang enhancement. It then struck all accompanying section 12022.53 gun enhancements and in its place substituted a section 12022.5, subdivision (a) gun enhancement under which it elected a four-year mid-term. The court also struck the nickel prior. As to count 2, the court stayed punishment and struck the related gun and gang enhancements. Thus, the court imposed an aggregate sentence of 19 years to life in prison with the possibility of parole. Finally, the court vacated the original restitution fines "nunc pro tunc" as of October 2005 (the time of the crimes' commission), and substituted in their place a "mandatory minimum" restitution fine of $300 under section 1202.4, subdivision (b) and a $300 parole revocation restitution fine under section 1202.45.

## III.

## DISCUSSION

### A. *Gang Enhancements*

Defendant first contends the true findings to the gang enhancement on count 1 must be reversed due to substantive amendments of the gang statutes in Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333). He argues because Assembly Bill 333 changed the substantive elements for gang enhancements under section 186.22, subdivision (b)(1), his admission to that enhancement in 2006 does not establish the requirements for the enhancement under current law. The People agree, as do we.

When defendant admitted to the enhancement, former section 186.22, subdivision (b)(1) provided a sentencing enhancement for a person who committed a felony "for the benefit of, at the direction of, or in association

4

with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members[.]" (Former § 186.22, subd. (b)(1), Stats. 2005, ch. 482, § 1.) When a defendant violated this section in the commission of felony punishable by imprisonment for life, like defendant's conviction for premeditated attempted murder, the defendant was not eligible for parole "until a minimum of 15 calendar years ha[d] been served." (§ 186.22, subd. (b)(5).) Absent the gang enhancement on count 1, defendant's minimum parole period would have been seven years. (§ 3046, subd. (a).)

In 2021, the Legislature passed Assembly Bill 333, effective January 1, 2022, which added new elements to gang enhancements in section 186.22. (*People v. Tran* (2022) 13 Cal.5th 1169, 1207 (*Tran*).) It narrowed the definition of "criminal street gang" and "pattern of criminal activity," as well as what it means for an offense to have commonly benefited a street gang. (*Id*. at p. 1206.) Under the new legislation, "imposition of a gang enhancement requires proof of the following additional requirements with respect to predicate offenses: (1) the offenses must have 'commonly benefited a criminal street gang' where the 'common benefit . . . is more than reputational'; (2) the last predicate offense must have occurred within three years of the date of the currently charged offense; (3) the predicate offenses must be committed on separate occasions or by two or more gang members, as opposed to persons; and (4) the charged offense cannot be used as a predicate offense." (*People v. Perez* (2022) 78 Cal.App.5th 192, 206.) These changes benefit defendants by raising the threshold for a true finding on a gang enhancement. (See *Tran,* at p. 1207.)

Defendant and the People agree that defendant's 2006 admission to the gang enhancement on count 1 does not satisfy all the elements for a gang

enhancement under the new legislation. Under our independent standard of review, we find no reason to disagree. (See *People v. Rosbury* (1997) 15 Cal.4th 206, 209 [de novo review applies when legality of sentence is purely a legal question].) Because defendant's admission in 2006 would not satisfy the elements for a gang enhancement under current law, his past admission cannot now support beyond a reasonable doubt the additional punishment allowed by the enhancement. (See *People v. Miles* (2008) 43 Cal.4th 1074, 1082 [elements of an alleged sentence enhancement must be proven beyond a reasonable doubt]; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458 [guilty plea admits of guilt beyond a reasonable doubt to every element of crime charged].) The remaining question, then, is whether defendant is entitled to retroactive application of Assembly Bill 333.

Our high court has already established that Assembly Bill 333's substantive changes apply retroactively to all cases not yet final. (*Tran, supra*, 13 Cal.5th at pp. 1206–1207; *People v. Lopez* (2025) 17 Cal.5th 388, 396 (*Lopez*).) When a sentence is recalled for resentencing, the matter is non-final and subject to application of ameliorative amendments, like Assembly Bill 333. (*People v. Lopez* (2020) 56 Cal.App.5th 835, 845–846 [recalled sentence not final]; see also *Lopez, supra*, 17 Cal.5th at pp. 398–399 [recognizing a judgment becomes nonfinal when sentence is vacated and new sentence is imposed].)

The record plainly supports that defendant's case was not final because his sentence was recalled under section 1172.1. He was therefore entitled to the benefits of Assembly Bill 333. Accordingly, we reverse the true findings on the gang enhancement.

6

## B.  *Restitution Fine*

Defendant next contends his restitution fine under section 1202.4, subdivision (b), should be vacated under section 1465.9, subdivision (d).  The People agree.  The People add that defendant's related parole revocation fine under section 1202.45 must also be vacated.  Although we accept the People's concession that the restitution fine under section 1202.4 must be vacated, we disagree that the parole revocation fine must also be vacated.

At the time of defendant's original sentencing, section 1202.4, subdivision (b) required the court, "[i]n every case where a person is convicted of a crime," to "impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so[.]"  (Former § 1202.4, subd. (b); Stats. 2005, ch. 240, § 10.5.)  Section 1202.45, subdivision (a) required the court "at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4" and "[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole" to "assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."  (Former § 1202.45; Stats. 2004, ch. 223, § 4.)  Effective January 1, 2025, however, subdivision (d) of section 1465.9 provides, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to *Section 1202.4*, the balance, including any collection fees, *shall be unenforceable and uncollectible* and any portion of a judgment imposing those fines *shall be vacated*."  (Italics added.)

As noted, the trial court originally imposed a restitution fine of $10,000 under section 1202.4, subdivision (b) and stayed the required additional parole revocation fine of $10,000 under section 1202.45, subdivision (b).

7

When defendant's sentence was recalled nearly 20 years later, the court vacated these fines "nunc pro tunc" and substituted in their place a restitution fine of $300 under section 1202.4, subdivision (b) and a parole revocation fine of $300 under section 1202.45.

The trial court plainly intended to re-impose the same restitution and parole revocation fines it imposed in 2006, retroactively in a lesser amount. But the original fines were imposed well over 10 years ago. Section 1465.9, subdivision (d), thus, directs that the restitution fine under section 1202.4 is "unenforceable and uncollectible" and must be "vacated."

Section 1465.9, subdivision (d), however, does not similarly direct that a parole revocation fine under section 1202.45 is unenforceable 10 years after the date of original imposition. Rather, when a restitution fine is vacated under subdivision (d) of section 1465.9, the parole revocation fine is still required and set in the amount the restitution fine "would have been." (*People v. Kopp* (2025) 19 Cal.5th 1, 17 (*Kopp*).) Defendant has not challenged the court's imposition of the $300 parole revocation fine and given the court imposed the mandatory minimum (see § 1202.4, subd. (b)), we see no grounds for relief. (See *Kopp*, at p. 30 [an inability to pay analysis applies when the § 1202.4, subd. (b) fine is in excess of the $300 statutory minimum].)[3]

---

[3] Defendant alternatively argues counsel rendered deficient performance by failing to object to the gang enhancement on count 1 and the restitution fine. Because we consider these claims on the merits, we do not address this argument.

DISPOSITION

The gang enhancement is reversed and the restitution fine under section 1202.4 is vacated. On remand, the People may retry the gang enhancement allegation if they so elect. If a trial is not held for the gang enhancement, the trial court shall prepare an amended abstract of judgment reflecting a sentence on count 1 of life in prison with the possibility of parole and a minimum parole term of seven years plus four years for the gun enhancement, and that the restitution fine is vacated. In this instance, the court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

McCONNELL, P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.

9