Filed 6/30/16  P. v. Robles-Carvajal CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EVERARDO JOSE ROBLES-CARVAJAL,<br><br>Defendant and Appellant. | H039162<br>(San Benito County<br>Super. Ct. Nos. CR-09-02513,<br>CR-09-00337, CR-11-00255) |

Defendant Everardo Jose Robles-Carvajal appeals from an eight-year prison sentence the trial court imposed after formal probation was revoked in three criminal cases following defendant's incarceration in federal prison for federal offenses.  He argues that the judgment should be reversed because:  the trial court erred by sentencing him in one of the cases without obtaining a waiver of defendant's right to be present at the sentencing hearing (Pen. Code, § 1203.2a)[1]; his trial counsel provided ineffective assistance by not presenting adequate argument to support his request that the court run defendant's state prison sentences concurrent to his federal sentence; and the trial court improperly calculated defendant's presentence custody credits (§ 2900.5, subd. (b)).  For

---

[1]  Unspecified statutory references are to the Penal Code.

the reasons stated here, we will reverse the judgment and remand for resentencing with instructions to add certain presentence custody credits after resentencing.

Defendant's appellate counsel also filed a petition for writ of habeas corpus, alleging ineffective assistance of trial counsel. We dispose of the habeas petition by separate order filed this day. (See Cal. Rules of Court, rule 8.387(b)(2)(B).)[2]

## I.  TRIAL COURT PROCEEDINGS

Defendant was arrested in February 2009 and charged by amended felony complaint in Case No. CR-09-00337 (Prop. 36 case) with the sale, transportation, or offer to sell a controlled substance (Health & Saf. Code, § 11352, subd. (a)); and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).[3] The trial court dismissed the transportation count at the prosecutor's request, defendant pleaded guilty to possession, and the court suspended imposition of sentence and placed defendant on three years formal probation.

In December 2009, defendant was arrested and charged by felony complaint in Case No. CR-09-02513 (2009 assault case) with assault by means likely to produce great bodily injury (former § 245, subd. (a)(1); Stats. 2004, ch. 494, § 1, p. 4040).[4] The 2009 assault complaint was later amended to add a section 186.22, subdivision (b)(1) gang enhancement. The San Benito County Probation Department filed a petition to revoke defendant's probation in the Prop. 36 case. The sole ground for that petition was defendant's arrest for the 2009 assault. According to the probation report for the 2009 assault, the charges were based on an incident where defendant repeatedly punched a

---

[2] Unspecified references to "Rules" are to the California Rules of Court.

[3] For clarity, we refer to defendant's cases by the abbreviations selected by defendant.

[4] The prohibition on assault by means of force likely to produce great bodily injury is now codified at section 245, subdivision (a)(4). (Stats. 2011, ch. 183, § 1, p. 2287.)

2

victim as two other assailants kicked the victim while the victim lay on the ground. Defendant pleaded no contest to the 2009 assault as well as the gang special allegation and the court suspended imposition of sentence and placed defendant on four years formal probation. The court reinstated probation in the Prop. 36 case, which had been summarily revoked.

Between defendant's arrest in December 2009 for the 2009 assault and the court's April 2010 orders granting and reinstating probation in the 2009 assault case and Prop. 36 case, respectively, defendant was in local custody. His custody status in the Prop. 36 case was described in the trial court's minute orders between December 20, 2009 and March 10, 2010 as "Bail $ Body Only." During that same period, the minute orders for the 2009 assault case indicated defendant was "released on O.R." but "in custody on other charges." (Capitalization omitted.) From March 11, 2010 until he was released on probation in April 2010, defendant was in custody with bail set at $50,000 in the 2009 assault case and "released on O.R." but "in custody on other charges" in the Prop. 36 case. (Capitalization omitted.) Defendant did not receive presentence custody credit in the 2009 assault case for the period between December 2009 and March 2010.

The trial court summarily revoked probation in the Prop. 36 and 2009 assault cases in December 2010. The probation office amended the petitions to revoke probation in January 2011.[5] The January 2011 petitions alleged the following probation violations: defendant's admissions that he smoked marijuana on one occasion and that he used methamphetamine and marijuana on another occasion; one failed drug test (methamphetamine); and defendant's failure to report for a scheduled appointment with a probation officer in January 2011. Defendant apparently was not taken into custody for those violations in December 2010 or January 2011.

---

[5] Defendant's October 5, 2015 motion to augment the record is granted.

In February 2011, defendant was arrested and charged by felony complaint in Case No. CR-11-00255 (2011 assault case) with, among other things, assault upon a 12-year-old girl by means likely to produce great bodily injury (former § 245, subd. (a)(1)),[6] with a special allegation that defendant had been previously convicted of a serious or violent felony (§ 667, subds. (b)–(i)) based on the 2009 assault case. The probation department filed new petitions to revoke probation in the Prop. 36 and 2009 assault cases in February 2011. The February 2011 petitions were based on the same allegations as the January 2011 petitions but also included defendant's arrest for the 2011 assault as an additional ground for revocation.

Defendant pleaded no contest to the 2011 assault, admitted the prior serious or violent felony conviction special allegation, and was once again placed on four years formal probation. The court imposed but suspended execution of an eight-year prison sentence in the 2011 assault case in June 2011, consisting of the upper term of four years for the assault (former § 245, subd. (a)(1)), doubled because of the prior strike conviction (§ 667, subd. (e)(1)). The court ordered defendant to enter long term residential drug treatment as a condition of probation. The trial court also reinstated probation in the Prop. 36 and the 2009 assault cases.

Defendant was in local custody while the 2011 assault charges were pending. Between February 2011 and June 2011, his custody in the 2009 assault case was described as "Bail $ Body Only." During that period, the minute orders for the Prop. 36 and the 2011 assault cases indicated defendant was "released on O.R." but "in custody on other charges." (Capitalization omitted.) Defendant did not receive presentence custody credit in the 2011 assault or Prop. 36 cases for the period in custody between February 2011 and May 2011.

---

[6] See footnote 4, *infra*.

Petitions to revoke probation were filed in defendant's three criminal cases in November 2011. The petitions were based on defendant's arrest by federal authorities. Defendant faced charges in two federal cases for being a felon in possession of a firearm and for possessing a controlled substance with the intent to distribute. The trial court summarily revoked defendant's probation in the Prop. 36, 2009 assault, and 2011 assault cases pending resolution of the federal charges and noted that defendant was in federal custody.

Defendant's state trial counsel filed requests under section 1203.2a in the 2009 assault and 2011 assault cases asking the court to impose sentence. Defendant's federal trial counsel filed declarations in support of those requests, stating that the conduct leading to the federal charges occurred in 2010 and that defendant pleaded guilty and was sentenced under a plea agreement by the federal court in May 2012 to nine years in federal prison. Also filed with those requests in the 2009 and 2011 assault cases were waivers signed by defendant that admitted he violated probation and waived his right to be present at the probation revocation hearing; his right against self-incrimination; and his right to call, confront, and cross-examine witnesses at the hearing. No waiver was filed in the Prop. 36 case.

At a probation revocation hearing in early June 2012, defendant's trial counsel asked the court to sentence defendant on his California offenses concurrent to the federal prison sentence and the court indicated it had "no objection to granting concurrent time in the matter." The matter was continued because the prosecutor had not been served with defendant's section 1203.2a requests. Defendant's trial counsel waived time for sentencing. At a hearing in late June 2012, defense counsel renewed his request that defendant be sentenced concurrent to his federal sentence. The probation department recommended a concurrent sentence because defendant had been doing "very well" in his treatment program before being arrested on the federal charges. The prosecutor argued that defendant should receive a consecutive sentence to prevent defendant from

5

benefitting from committing both federal and state crimes but having to serve only a single sentence for them all. Defense counsel responded that while the matter was "purely discretionary," defendant requested that the court impose a concurrent sentence.

The court purported to sentence defendant in the 2009 assault and 2011 assault cases in August 2012, executing the previously-suspended eight-year sentence for the 2011 assault, ordering that sentence to run consecutive to defendant's federal sentence, and imposing a concurrent eight-year sentence for the 2009 assault (consisting of the upper term of four years for the assault (former § 245, subd. (a)(1)) and the upper term of four years for the gang enhancement (§ 186.22, subd. (b)(1)(A))). The court made no findings regarding its decision to make the state term run consecutive to the federal term and defense counsel made no argument to support a concurrent sentence. The court held a new sentencing hearing in October 2012 upon discovering that the conduct giving rise to defendant's federal convictions occurred *before* he had been placed on probation in the 2011 assault. The court made the eight-year sentence in the 2009 assault case the principal term, ordered that it run consecutive to the federal sentence, and ordered that the sentence for the 2011 assault case run concurrent.[7] Once again, the trial court made no findings regarding consecutive sentencing and defense counsel made no argument to support a concurrent sentence.

During the October 2012 sentencing hearing, the parties and court realized that defendant had not been sentenced in the Prop. 36 case. Defense counsel acknowledged there was no section 1203.2a written waiver of rights but stated defendant "did waive in the other two more serious matters. I believe I can represent to the Court it would be

---

[7] At the hearing, the court stated it would "vacate" the eight-year sentence in the 2011 assault case. The minute order for the October 2012 sentencing hearing contains a handwritten note (apparently made by, or at the direction of, the trial judge), dated November 6, 2012, stating that the 2011 assault sentence is "to run concurrent to" the 2009 assault sentence. The abstract of judgment lists the 2009 assault case sentence as the principal term, with the 2011 assault case's eight-year sentence running concurrent.

[defendant's] intention to waive his personal presence and admit the violation" based on the federal convictions. The court accepted that representation and sentenced defendant to the upper term of three years for possession of cocaine (former Health & Saf. Code, § 11350, subd. (a)),[8] to be served concurrent to defendant's other sentences.

## II.   DISCUSSION

### A.   SENTENCING IN THE PROP. 36 CASE WITHOUT DEFENDANT (§ 1203.2a)

Defendant contends that the trial court violated his constitutional right to due process by sentencing him without first obtaining a waiver of his right to be present. Section 1203.2a provides, in relevant part: "If any defendant who has been released on probation is committed to a prison in this state or another state for another offense, the court which released him or her on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he or she was granted probation, in the absence of the defendant, on the request of the defendant made through his or her counsel, or by himself or herself in writing . . . ." That section was enacted "to provide a mechanism by which the probationary court could consider imposing a concurrent sentence" so that defendants did not inadvertently receive consecutive sentences. (*In re Hoddinott* (1996) 12 Cal.4th 992, 999.) Whether the trial court complied with section 1203.2a involves application of a statute to undisputed facts, and is thus reviewed de novo. (See *People v. Groat* (1993) 19 Cal.App.4th 1228, 1231 ["The application of a statute to undisputed facts raises a pure question of law and on appeal the court will make an independent determination" of an argument's merits.].)

---

[8]   When defendant was convicted and sentenced, a violation of Health & Safety Code section 11350, subdivision (a) was a felony punishable by the general section 1170, subdivision (h)(1) sentencing range of 16 months, two years, or three years. (Former Health & Saf. Code, § 11350, subd. (a), Stats. 2000, ch. 8, § 3, p. 50.) That offense was reduced to a misdemeanor in most situations by the Safe Neighborhoods and Schools Act (Prop. 47) in 2014. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 11, pp. 72-73; Stats. 2014, vol. 3, § 11, p. A-18.)

Defendant did not file a section 1203.2a request or a waiver of rights in the Prop. 36 case. His trial counsel's statement that "I believe I can represent to the Court it would be his intention to waive his personal appearance" suggests that defendant did not direct his trial counsel to make that request. The People argue that no error occurred because a probationer may waive his right to be present at a probation revocation hearing. (Citing *People v. Dale* (1973) 36 Cal.App.3d 191, 194-195.) But a defendant's ability as a general matter to waive his right to be present is irrelevant to resolution of this issue. Defendant did not expressly waive that right here, nor is there evidence he directed his attorney to do so. By sentencing defendant without a valid waiver, the trial court erred.

Based on that error, defendant argues the "judgment is thus improper and must be vacated and remanded to the trial court," but does not explain how that error prejudiced him. To the extent defendant argues that the error was structural, mandating reversal per se, he provides no authority in support. To rise to the level of structural error, the error must be one which affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." (*Arizona v. Fulminante* (1991) 499 U.S. 279, 310.) The Ninth Circuit has held that a defendant's absence from a jury's announcement of the verdict, while potentially violating the defendant's right to due process under the Fourteenth Amendment to the United States Constitution, is nonetheless "subject to harmless-error analysis" because it "does not fall within the narrow category of structural errors." (*Rice v. Wood* (1996) 77 F.3d 1138, 1141, 1144 (*Rice*).) We find *Rice* persuasive. Defendant's absence from sentencing here was not structural error.

Defendant provides no analysis regarding the applicable standard for prejudice. The People argue "there was no prejudice" to defendant but likewise do not identify the applicable standard. The trial court's decision is contrary to section 1203.2a and potentially violates article I, section 15 of the California Constitution, which protects a defendant's right to be "personally present with counsel" at trial. (See *In re Perez* (1966) 65 Cal.2d 224, 229–232 [finding previous version of section 1203.2a that did not require

8

an express waiver by defendant of right to counsel and right to be present violated California Constitution].) Such state law errors require reversal if a defendant can demonstrate a reasonable probability of a more favorable result had the errors not occurred. (*People v. Watson* (1956) 46 Cal.2d 818, 837.) It is also possible the trial court's error violated defendant's Fourteenth Amendment due process rights, which would implicate the harmless-beyond-a-reasonable-doubt standard announced in *Chapman v. California* (1967) 386 U.S. 18, 24. (See *Rice, supra,* 77 F.3d at p. 1140-141 & 1140, fn. 2 [assuming, based on a concession, that the defendant's absence from the courtroom during announcement of verdict was federal constitutional error, but noting that the "concession is surprising, as this is an open question"].)

Under either standard, we find the error harmless. Defendant had already admitted that his federal convictions constituted probation violations in the 2009 assault and 2011 assault cases in the signed waivers he filed in support of his section 1203.2a requests in those cases. The petition to revoke his probation in the Prop. 36 case was based on the same federal convictions. Given that defendant had violated his probation in the Prop. 36 case numerous times and the court was aware defendant would be incarcerated in federal prison for a several years following the sentencing hearing, there is essentially no possibility the trial court would have decided to reinstate probation had defendant been present at the sentencing hearing. On this record, the trial court's failure to obtain waiver of defendant's right to be present at the sentencing hearing was harmless beyond a reasonable doubt.

### B. CONSECUTIVE SENTENCING AND TRIAL COUNSEL'S ASSISTANCE

Defendant argues that his trial counsel provided ineffective assistance by not offering meaningful argument to support his request that the court sentence defendant's state cases concurrent to his federal prison sentence. Defendant also argues that section 667, subdivision (c)(8) does not apply, meaning that the trial court had discretion to make all of defendant's state sentences run concurrent to his federal sentence. As trial

9

counsel's performance would be irrelevant if section 667, subdivision (c)(8) mandated a consecutive sentence, we address that argument first.

### 1. Section 667, Subdivision (c)(8) Does Not Apply

Defendant argues that section 667, subdivision (c)(8) did not apply to his sentence, meaning that the trial court had discretion to impose concurrent sentences. Interpretation of a statute is a question of law we review de novo. "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' " (*People v. Toney* (2004) 32 Cal.4th 228, 232.)

Section 667, subdivision (c)(8) provides: "Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." Section 667, subdivision (e)(1) provides that when a defendant who has a prior serious or violent felony conviction is convicted of a new felony, the new sentence "shall be twice the term otherwise provided as punishment for the current felony conviction."

The 2011 assault case was the only one of defendant's cases that involved a "sentence imposed pursuant to subdivision (e)" of section 667 (§ 667, subd. (c)(8)), with the court imposing a four-year upper term (former § 245, subd. (a)(1)), doubled because defendant admitted a prior serious or violent felony conviction based on the 2009 assault case (§ 667, subd. (e)(1)). The 2009 assault case was not sentenced under section 667, subdivision (e) because defendant had no prior serious or violent felony conviction when he was convicted of the 2009 assault. Thus, the only way that section 667, subdivision (c)(8) would apply to defendant is if: (1) his sentence in the 2011 assault case was imposed while he was serving a federal sentence; and (2) a federal sentence is encompassed within the phrase "any other sentence which the defendant is currently serving," as it is used in section 667, subdivision (c)(8).

Though the parties focus on whether a federal sentence can be "any other sentence" (§ 667, subd. (c)(8)), they overlook the timing of the 2011 assault case

10

sentence.  The trial court imposed the eight-year prison sentence in the 2011 assault case in June 2011, stayed *execution* of that sentence, and placed defendant on formal probation.  (*People v. Scott* (2014) 58 Cal.4th 1415, 1424 ["[W]hen a court elects to impose a sentence, a judgment has been entered and the terms of the sentence have been set even though its execution is suspended pending a term of probation."].)  Defendant was not sentenced in the federal case until May 2012.  Therefore, by the plain meaning of section 667, subdivision (c)(8), defendant was not "currently serving" the federal sentence when the 2011 assault case sentence was imposed and section 667, subdivision (c)(8) did not mandate a consecutive sentence.

The People rely on *People v. Rosbury* (1997) 15 Cal.4th 206 (*Rosbury*) to argue that defendant was already serving his federal sentence "when the trial court sentenced him under the Three Strikes Law in the 2011 assault case."  The defendant (Rosbury) was on probation for a serious felony when he was convicted of attempted robbery in a new case.  The trial court sentenced Rosbury in the new case and the sentence in that new case was doubled because of the prior serious felony conviction.  The court revoked probation in the earlier case and imposed a prison term in that case to run concurrent to the sentence in the new case.  (*Rosbury,* at pp. 207-209.)  On review in the Supreme Court, the People contended that the trial court was required to impose consecutive sentences in Rosbury's two cases by operation of section 667, subdivision (c)(8), because Rosbury's probation status in the earlier case meant he was " 'already serving' " a sentence when he was sentenced in the new case.  (*Id.* at p. 210.)  The Supreme Court disagreed, finding that because Rosbury was on probation in the earlier case when he was sentenced in the new case, he "was not already serving his sentence for purposes of section 667, subdivision (c)(8)."  (*Id.* at p. 211.)

*Rosbury* does not assist the People.  That case did not involve a situation where, as here, a sentence had already been imposed but its execution had been suspended.  To the contrary, the *Rosbury* court stated that the trial court imposed a prison term in the earlier

11

case only after sentencing Rosbury in the new case and revoking probation in the earlier case. (*Rosbury, supra,* 15 Cal.4th at pp. 208-209 ["The court also found him in violation of his grant of probation for the [earlier case] and revoked the same, imposing a three-year prison term to be served concurrently with the nine-year term for the current offense."].)

Because defendant's sentence in the 2011 assault case had been imposed before he was sentenced in the federal case, section 667, subdivision (c)(8) did not compel a consecutive sentence.

### 2. Trial Court Had Discretion to Run State Sentences Concurrent

Section 669, subdivision (a) provides the general rule for trial courts to follow when sentencing a defendant in multiple cases: "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." (§ 669, subd. (a).) Section 669 applies even when the first judgment upon which sentence is ordered to be executed is a federal sentence. (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1557 (*Gulbrandsen*); accord *In re Alstatt* (1964) 227 Cal.App.2d 305, 307-308.) Under section 669, "a California court has discretion . . . to choose either a consecutive or a concurrent relationship between a California prison term and a federal term." (*Gulbrandsen,* at p. 1558.) "A decision to impose consecutive sentences is a sentencing choice for which a statement of reasons is required." (*People v. McLeod* (1989) 210 Cal.App.3d 585, 590 (*McLeod*).)

As applied to defendant's case, the first judgment upon which sentence was ordered to be executed was the federal case. When defendant requested that the trial court sentence him in his three state cases, the trial court had discretion to order that

12

defendant serve his sentence for the three state cases either consecutive or concurrent to the federal term. And the trial court was required to provide a statement of reasons for that sentencing choice.

### 3. Defendant Was Prejudiced by His Trial Counsel's Ineffective Assistance

Defendant argues that his trial counsel provided ineffective assistance by failing to provide meaningful argument in favor of ordering defendant's state sentences to run concurrent to his federal sentence. To establish ineffectiveness of trial counsel in violation of defendant's right to counsel under the Sixth Amendment to the United States Constitution, defendant must show that counsel's performance was deficient and that he was prejudiced by the deficiency. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216–217 (*Ledesma*).)

### a. Sentencing Proceedings

Defendant's trial counsel told the court the decision whether to impose concurrent sentences was "purely discretionary" and requested concurrent sentencing at two hearings in June 2012 where the court considered defendant's section 1203.2a requests. At the first hearing, the court indicated: "I have no objection to granting concurrent time" in the state cases. The probation department recommended a concurrent sentence, stating that defendant had been doing well in his drug treatment program prior to his arrest for the federal offenses. The prosecutor requested a consecutive sentence at the June 2012 hearings, arguing that a concurrent sentence would effectively prevent defendant from having to serve any time for his state crimes. Defense counsel did not provide detailed argument to support his request at those June 2012 hearings.

At the August and October 2012 sentencing hearings, defendant's trial counsel neither renewed the request for concurrent sentencing nor provided any argument in support of that request. The court imposed an eight-year sentence in the 2009 assault case, ordered that it run consecutive to defendant's federal sentence, and did not provide a statement of reasons for its decision to make that sentence run consecutive.

13

## b. Trial Counsel's Performance Was Deficient

Though trial counsel correctly indicated to the court that it had discretion to order defendant's state sentences to run concurrent to his federal sentence at the June 2012 hearings, trial counsel provided no argument to support his request for a concurrent sentence at the two sentencing hearings the court conducted in August and October 2012. Trial counsel should have argued factors in mitigation on behalf of his client, including reminding the court that the probation department had recommended concurrent sentencing because defendant was doing "very well" in his drug treatment program prior to his arrest for the federal offenses.

At the very least, trial counsel should have insisted that the trial court comply with its obligation to provide a statement of reasons to support its sentencing choice to run the 2009 assault case consecutive to the federal term. (*McLeod, supra,* 210 Cal.App.3d at p. 590.) Insisting upon a statement of reasons to support the trial court's decision was particularly important under these facts because of the unique considerations that apply when a court is deciding whether to run a California determinate sentence consecutive to a federal term. As the *Gulbrandsen* court observed, "running a California determinate sentence consecutively to a federal term" is "substantially different" from "establishing a consecutive relationship among California offenses." (*Gulbrandsen, supra,* 209 Cal.App.3d at p. 1560.) That difference is due to section 1170.1, subdivision (a)'s aggregation rules not applying to federal sentences. (*People v. Veasey* (1979) 98 Cal.App.3d 779, 789-790 [finding federal term cannot be principal term for purposes of section 1170.1, subdivision (a), such that state sentence ordered to run consecutive to a federal sentence is not a subordinate term under that section]; see also rule 4.451(b), italics added ["When a defendant is sentenced . . . and the sentence is to run consecutively to a sentence imposed by a court of the United States . . . , the judgment must specify the determinate term imposed under section 1170 computed *without*

14

*reference to the sentence imposed by the other jurisdiction*"].)  Thus, defendant's eight-year sentence for the 2009 assault case was the full eight years when ordered to run consecutive to a federal sentence whereas a similar sentence would have been only two years[9] if the federal sentence was a California sentence.

Trial counsel's total failure to make any argument in support of concurrent sentencing at the two sentencing hearings amounted to deficient performance.

### c. Defendant Was Prejudiced

To prove prejudice from his trial counsel's performance, defendant must affirmatively show a reasonable probability that, but for his trial counsel's errors, the result would have been different.  (*Ledesma, supra,* 43 Cal.3d at pp. 217-218.)  A reasonable probability is one " 'sufficient to undermine confidence in the outcome.' " (*Id.* at p. 218, quoting *Strickland v. Washington* (1984) 466 U.S. 668, 693–694 (*Strickland*).)

At the initial hearing regarding defendant's section 1203.2a request, the trial court indicated it was not opposed to running defendant's state sentences concurrent to his federal sentence.  The probation department recommended a concurrent sentence based on defendant's recent satisfactory performance on probation.  (See rule 4.423(b)(6) [circumstance in mitigation applies when the "defendant's prior performance on probation or parole was satisfactory"]; see also rule 4.425(b) [generally, "[a]ny circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences"].)  And defendant was ineligible to have any of his state sentences served at one-third the middle term as subordinate terms because the federal term could not serve as a principal term for purposes of section 1170.1, subdivision (a).  Had defendant's trial counsel made those arguments to the trial

---

[9] Two years is one-third the three-year midterm for assault with a deadly weapon (§ 245, subd. (a)(1)) plus one-third the three-year midterm for the gang enhancement (§ 186.22, subd. (b)(1)(A)).

15

court, we find a reasonable probability that defendant would have achieved a better result (either by the trial court ordering all three state sentences to run concurrent to the federal term or by the trial court imposing a shorter consecutive sentence). Though a more lenient sentence is not mandated by law, we find that defendant has met his burden under *Strickland* to show a reasonable probability of a more favorable result.

We will therefore reverse the judgment and remand the matter for resentencing in the 2009 assault case and Prop. 36 case. Because sentence was imposed (with execution of sentence suspended) in the 2011 assault case in June 2011 and defendant did not appeal that determination, the eight-year sentence in the 2011 assault case is final and may not be modified on remand but the trial court retains discretion to order that sentence to run concurrent to the federal term. (*People v. Gipson* (2013) 213 Cal.App.4th 1523, 1530 [" '[W]here sentence is imposed and execution thereof suspended, an appeal may be taken from the sentence to state prison as the final judgment or an order granting probation as an order made after judgment.' "]; § 669.) If the trial court chooses to order any of the three California cases to run consecutive to the federal term, the court must state its reasons for that sentencing decision on the record. (*McLeod, supra,* 210 Cal.App.3d at p. 590; *Gulbrandsen, supra,* 209 Cal.App.3d at p. 1560-1561.)

## C. PRESENTENCE CUSTODY CREDITS

Defendant argues that he is entitled to additional presentence custody credits. Specifically, defendant seeks an additional 81 actual days credit in the 2009 assault case for December 20, 2009 through March 10, 2010; an additional 144 actual days credit in the 2011 assault case for February 6, 2011 through June 29, 2011; and an additional 144 actual days credit in the Prop. 36 case for that same period.[10]

---

[10] Defendant originally sought credit in the Prop. 36 case for the 43 days he was in custody in the 2009 assault case between March 11, 2010 and April 22, 2010. After supplemental briefing, defendant now concedes that he is not entitled to credit for that period in the Prop. 36 case. (Citing *People v. Jacobs* (2013) 220 Cal.App.4th 67, 72-73,

16

**1. Section 2900.5 and *People v. Bruner* (1995) 9 Cal.4th 1178**

Section 2900.5, subdivision (a) provides, in relevant part: "In all felony . . . convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, . . . shall be credited upon his or her term of imprisonment . . . ." But "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5, subd. (b).) Whether defendant is entitled to additional credits "involves application of a statute to undisputed facts and is subject to our independent review." (*People v. Anaya* (2007) 158 Cal.App.4th 608, 611.)

*People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*) explored "how section 2900.5 should be applied when a defendant sentenced to a new criminal term seeks credit for presentence custody attributable to a parole revocation caused in part, but not exclusively, by the conduct that led to the new sentence." (*Id.* at pp. 1182-1183, fn. omitted.) Bruner was on parole after serving a prison term for armed robbery. He was arrested for three parole violation allegations and the police found "a substantial quantity of rock cocaine" during a search incident to that arrest. (*Id.* at p. 1181.) While in custody awaiting sentencing for violating parole, Bruner was cited for possessing the cocaine and "then released on his own recognizance on that charge." (*Ibid.*) Bruner remained in custody until he was sentenced to 12 months in prison for violating parole, based on the three parole violation allegations as well as cocaine possession. Bruner was subsequently charged with, and pleaded guilty to, possessing the cocaine the police had found when he was arrested for the parole violation. Because Bruner had been released on his own recognizance in the cocaine possession case, the trial court awarded no presentence custody credit in that case when it imposed sentence. (*Id.* at pp. 1181-1182.)

83-84 [denying presentence custody credit in one rape case for period the defendant was on bail in that case but in custody on rape allegations in a different case].)

The Supreme Court affirmed the denial of credits, holding that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Bruner, supra,* 9 Cal.4th at pp. 1193-1194.) The court explained that section 2900.5 "is intended only to prevent inequalities in total confinement among defendants, each similarly sentenced in a *single proceeding*, which inequalities arise solely because one defendant suffered presentence confinement while another did not," by virtue of that second hypothetical defendant's ability to afford bail. (*Bruner,* at p. 1191, original italics.) "Section 2900.5 is not intended to bestow the windfall of duplicative credits against all terms or sentences that are separately imposed in multiple proceedings." (*Ibid.*)

As an example of the showing necessary to satisfy the burden it announced, the *Bruner* court cited *People v. Williams* (1992) 10 Cal.App.4th 827 (*Williams*), where the court of appeal found that Williams was entitled to credit in both the probation violation phase of an earlier case and a new sexual assault case that was the sole ground for the violation of probation in the earlier case. (*Bruner, supra*, 9 Cal.4th at p. 1193, fn. 10; citing *Williams,* at pp. 832-834; see *Williams*, at p. 833, fn. omitted ["[T]he only basis of proof of appellant's violation of the 'obey all laws' condition of his misdemeanor probation was his criminal conduct which resulted in the charges in this case."].)

### 2. 2009 Assault Case

Defendant received credit in the Prop. 36 case for December 20, 2009 through March 10, 2010 when he was in jail pending resolution of his probation revocation

18

petition. The parties now agree that defendant was also entitled to credit for that period in the 2009 assault case. The petition to revoke probation filed in December 2009 in the Prop. 36 case lists failure to obey all laws (based on defendant's arrest in the 2009 assault case) as the sole ground for his probation violation. Because the conduct underlying the 2009 assault was the *sole* reason defendant was arrested for violating his probation in the Prop. 36 case, defendant is entitled to custody credit in the 2009 assault case for the time he spent in custody in the Prop. 36 case from December 20, 2009 to March 10, 2010. (*Bruner, supra,* 9 Cal.4th at p. 1193, fn. 10.)

Defendant is thus entitled to 81 additional actual days presentence custody credit in the 2009 assault case and section 4019 conduct credit for those actual days. Before January 25, 2010, defendants were entitled to six days total credit for every four days spent in actual custody. (Former § 4019, subd. (f); Stats. 1982, ch. 1234, § 7, pp. 4553-4554; see *People v. Brown* (2012) 54 Cal.4th 314, 318 [amendments to § 4019 do not apply retroactively].) After January 25, 2010 and continuing through defendant's release in March 2010, defendants were generally entitled to four days total credit for every two days spent in actual custody unless they were committed for, or had been previously convicted of, a serious or violent felony, as defined in sections 1192.7 and 667.5, respectively. (Former § 4019, subds. (b), (c), (f); Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50, p. 4427-4428.) Defendants with a current or prior serious or violent felony conviction were entitled to only the more limited six days total credit for every four days spent in actual custody. (*Ibid.*) Because the 2009 assault was a serious or violent felony, defendant is entitled to only the more limited section 4019 credit formula for the entire 81 days he served between December 2009 and March 2010.[11] Applying that formula, defendant is entitled to 40 additional conduct credits in the 2009 assault case.

---

[11] When entering his plea in the 2011 assault case, defendant admitted the special allegation that the 2009 assault was a serious or violent felony.

### 3. 2011 Assault Case

Defendant next contends he is entitled to credits in the 2011 assault case for the time he spent in jail pending resolution of his probation revocation petition in the 2009 assault case from February 6, 2011 through June 29, 2011. The People argue that defendant is not entitled to additional credit in that case because the 2011 assault case allegations "were not the sole basis for the February 2011 petitions to revoke" defendant's probation.

The February 2011 petition to revoke probation filed in the 2009 assault case contains multiple grounds for revoking probation. Defendant admitted smoking marijuana in October 2010, admitted using methamphetamine and marijuana in December 2010, failed to report for a scheduled appointment with a probation officer in January 2011, and was arrested for the 2011 assault. However, before his arrest for the 2011 assault defendant's probation in the 2009 assault case had already been summarily revoked in January 2011 based on the other probation violations. Despite that summary revocation, defendant was not taken into custody until his arrest in the 2011 assault case. Thus, though the February 2011 petition to revoke probation contained grounds for revocation other than the 2011 assault allegations, the record supports defendant's argument that the 2011 assault allegations were "the sole reason for his loss of liberty" between February and June 2011. (See *Bruner, supra,* 9 Cal.4th at pp. 1193-1194.) Defendant is therefore entitled to an additional 144 actual days credit in the 2011 assault case for the period between February 6, 2011, and June 29, 2011, as well as 72 additional conduct credits (applying the more limited section 4019 formula because of the 2009 assault case conviction). (Former § 4019, subds. (b), (c), (f); Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50, p. 4428.)

### 4. Prop. 36 Case

Defendant seeks an additional 144 days presentence custody credit in the Prop. 36 case for the time he was in custody in the 2009 assault case between February 6, 2011

and June 29, 2011. The People now concede that defendant's "concurrent sentence in [the Prop. 36 case] may be credited with jail time attributable to the probation revocation matters which were based *only in part* upon the criminal incident which led to his conviction and sentence in" the 2011 assault case, such that he is entitled to credit for the period between February and June 2011. (Original italics.) We accept that concession. Defendant is thus entitled to an additional 144 actual days presentence custody credit in the Prop. 36 case for his time in custody between February 6, 2011 and June 29, 2011. Defendant is also entitled to 144 additional section 4019 conduct credits in the Prop. 36 case.[12] (Former § 4019, subds. (b), (c), (f); Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50, p. 4428.)

### III. DISPOSITION

The judgment is reversed and the matter is remanded for resentencing. After resentencing, the new abstract of judgment must reflect the following credits: 423 total days presentence custody credit in Case No. CR-09-02513 (consisting of 269 actual days and 154 conduct credits); 218 total days presentence custody credit in Case No. CR-11-00255 (consisting of 146 actual days and 72 conduct credits); and 438 total days presentence custody credit in Case No. CR-09-00337 (consisting of 230 actual days and 208 conduct credits). (§ 4019, subd. (f).)

---

[12] Defendant is entitled to four days total credit for every two days spent in actual custody in the Prop. 36 case because that conviction predated his serious or violent conviction in the 2009 assault case. (Former § 4019, subds. (f); Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50, p. 4428.)

21

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.


_____

MÁRQUEZ, J.


*People v. Robles-Carvajal*
**H039162**

22