Filed 4/4/22  P. v. Batiste CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092457 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE014923) |
| v. | |
| LAWRENCE BATISTE, | |
| Defendant and Appellant. | |

A jury found defendant Lawrence Batiste[1] guilty of attempted murder, assault with a firearm, and being a felon in possession of a weapon.  The jury found true several

---

[1] The abstract of judgment and the probation report refer to defendant as "Howard Wayne Moore AKA Lawrence Baptiste" with "xref" number 581675.  For the sake of clarity and with support from the record, we refer to defendant as Lawrence Batiste.  The name Lawrence Batiste with the same xref number and/or date of birth is associated with defendant in this case through accusatory pleadings, the thumbprint form pursuant to Penal Code section 859a, certified copies of prior conviction, and the notice of appeal.  From our review of the record, "Baptiste" appears to be a typographical error.  We will order amendment of the abstract of judgment to correct the error.

1

firearm and great bodily injury allegations, and also found true the allegation that the attempted murder was committed with premeditation and deliberation. The trial court sentenced defendant to an aggregate term of 57 years to life, with additional terms imposed and stayed for the assault and weapon possession convictions.

Defendant claims his sentence includes a life term enhancement for committing the offense with premeditation and deliberation. Based on that presumption, he argues his sentence is unauthorized because he was not provided sufficient notice of the allegation and counsel was ineffective for failing to object to the sentence enhancement. Defendant also argues we should remand the case for resentencing in light of Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), which gives the trial court discretion as to which term to sentence defendant where Penal Code section 654[2] is applicable. We conclude remand for resentencing is not necessary but conclude that the four-year term on count two must be vacated. Finally, defendant contends the trial court erred in imposing fees after finding defendant indigent. Because certain fines and fees must be imposed without consideration as to defendant's ability to pay, we shall modify the judgment to impose the mandatory fines and fees. As modified, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant with attempted murder (§§ 664/187, subd. (a); count one) with allegations that he personally discharged a firearm and inflicted great bodily injury (§§ 12022.5, subd. (a), 12022.53, subds. (b), (c), & (d), 12022.7, subd. (a)); assault with a firearm (§ 245, subd. (a)(2); count two) with allegations that he personally used a firearm and inflicted great bodily injury (§§ 12022.5, subd. (a), 12022.7, subd. (a)); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count three). The People also alleged that defendant suffered two prior strike convictions for robbery

---

[2] Undesignated statutory references are to the Penal Code.

(§ 211). The accusatory pleading did not contain a premeditation and deliberation allegation.

The facts underlying the charges are not relevant for purposes of the appeal. It suffices to say that defendant had known J.M. for several years. On the day of the incident, defendant argued with J.M. and, after the argument ended, said he would be back. Later that same day, J.M. was shot in the stomach and wrist. R.M. identified defendant as the shooter and told the police where they could find him. The jury found defendant guilty of counts one through three and found true the associated enhancement allegations. The parties agreed to instruct the jury regarding an allegation that defendant committed the attempted murder with premeditation and deliberation and provided the jury a corresponding verdict form. The jury found this allegation to be true. In a bifurcated bench trial, the trial court found true the allegations that defendant suffered two prior strike convictions.

The trial court imposed an aggregate term of 57 years to life on count one as follows: "It is the judgment and sentence of the Court in Count 1 for violation of Penal Code Section 664, slash, 187, the attempted murder, the determinant term on this is seven years, the term under 667[ subdivision ](e)(2)([A])([iii]) is 25 years to life. That is the indeterminant three strikes. The total on Count 1 itself is 32 years to life. There is an additional 25 years under 12022.53[ subdivision ](d). I'm denying the request to stay that imposition of that enhancement. Total of 57 years to life on Count 1."

As to count two, the trial court imposed the upper term of four years, with 10 years imposed under section 12022.5, three years imposed under section 12022.7 and 25 years to life under the Three Strikes law. The trial court imposed an upper term on count three. The court stayed the execution of these sentences under section 654.

The trial court commented that defendant would likely pose a serious potential of harm or a danger to the community if released on probation. The court further relied on the factors as listed in California Rules of Court, rule 4.421 in aggravation to pick the

3

upper term sentences where applicable. These factors include defendant's prior convictions, the nature and seriousness of the crime including great violence and bodily harm with the use of a gun, defendant's prior prison terms and prior performance on probation or parole.

The trial court then mentioned a court operations assessment and a court facilities assessment, and discussed the fact that the law regarding fines and fees was "in flux." Defense counsel asked that all nonmandatory fees be waived because appellant was indigent. The trial court granted the request, stating "Court will find indigency and waive those nonmandatory fines and fees." The abstract of judgment lists a court security fee of $120 (§ 1465.8) and a criminal conviction assessment of $90 (Gov. Code, § 70373).

DISCUSSION

I

*Premeditation and Deliberation Allegation*

Defendant claims that he was not given proper notice of the allegation that he committed the attempted murder with premeditation and deliberation and, to the extent his sentence incorporated that penalty provision, it is unauthorized. Defendant also argues that trial counsel provided ineffective assistance when he failed to object to the imposition of the life term enhancement based on the premeditated and deliberate finding under section 664. In response, the People contend that defendant was not sentenced under the deliberate and premeditated attempted murder penalty provision of section 664 and therefore defendant has no claim of prejudice. We agree with the People that defendant was not sentenced under the premeditation and deliberation penalty provision and we affirm the sentence.

We review de novo the legality of defendant's sentence. (*People v. Rosbury* (1997) 15 Cal.4th 206, 209.)

Pursuant to section 664, attempted murder is generally punishable with a term of five, seven, or nine years. If the fact that the attempted murder was willful, deliberate,

4

and premeditated is alleged in the accusatory pleading and found true by the trier of fact, the defendant is subject to life imprisonment. (§ 664, subd. (a).) In other words, for the enhanced life term to be imposed under section 664, subdivision (a), the statute requires the accusatory pleading to allege that the attempted murder was willful, deliberate, and premediated.

Where the accusatory pleading does not contain the required allegations, there are two questions we must resolve. The first question is whether the defendant has been sentenced in violation of section 664, subdivision (a). If the answer to this question is affirmative, the second question is whether the defendant's due process rights were violated by the lack of fair notice in the accusatory pleading that the People were seeking an increased sentence based on allegations the attempted murder was willful, deliberate, and premeditated. (See *People v. Houston* (2012) 54 Cal.4th 1186, 1227.)

We conclude the answer to the first question is negative and due process is therefore not implicated. Defendant was not sentenced to a life term in violation of section 664. Instead, defendant was sentenced to a life term under the Three Strikes law, in light of his two prior strike convictions, and the minimum time to serve was properly calculated under section 667.

Under section 667, subdivision (e)(2)(A), the trial court was obligated to choose one of three options which will produce the maximum minimum term to be served on a life sentence. (See § 667, subd. (e)(2)(A)(i)-(iii); *People v. Thomas* (1997) 56 Cal.App.4th 396, 399-400).) As relevant here, the third option results in the greater minimum time and is the term determined by the court pursuant to section 1170 for the underlying conviction, including any enhancement applicable under chapter 4.5 (commencing with § 1170) of title 7 of part 2 (a determinate sentence for a specific number of years), or any period prescribed by section 190 (punishment for murder) or section 3046 (life sentence requires a minimum of seven years before parole eligibility). (§ 667, subd. (e)(2)(A)(iii).)

5

Here, the trial court specifically stated that the sentence for the attempted murder is "the determinant term" of seven years pursuant to section 664, then added the applicable enhancement term of 25 years to life under the Three Strikes law. The trial court also imposed an additional 25 years for the firearm enhancement under section 12022.53, subdivision (d), which constitutes an aggregate sentence of 57 years to life on count one. As a result, the record demonstrates the trial court imposed defendant's sentence without reliance on the life term provision for premeditated and deliberate attempted murder under section 664 and is not unauthorized. (Compare *People v. Perez* (2017) 18 Cal.App.5th 598, 618 [imposition of a life term enhancement under § 664 violates due process when defendant has no prior notice of the term and is unauthorized].)

Because we conclude that defendant was not sentenced in violation of section 664, subdivision (a), we need not address whether defendant was provided adequate notice of the life term enhancement for premeditated and deliberate attempted murder or whether defendant was denied his right to constitutionally effective assistance of counsel at sentencing, as both claims are explicitly premised on the assumption that his sentence was increased based on a finding that the attempted murder was premeditated and deliberate.

II

*Penal Code Section 654*

In a supplemental brief, defendant asks us to vacate his sentence and remand the matter for resentencing consistent with the recent amendment to section 654 under Assembly Bill No. 518. Section 654 prohibits multiple punishment for any single act or omission. If a single action or course of conduct by a defendant violates multiple laws, "the distinct crimes may be charged in separate counts and may result in multiple verdicts of guilt, [but] the trial court may impose sentence for only one offense." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) Until recently, the law required trial courts to

6

impose sentence "under the provision that provides for the longest potential term of imprisonment." (Former § 654.)

In 2021, however, the Legislature enacted Assembly Bill No. 518, which removes the requirement to impose the longest prison term. The effective date of this change is January 1, 2022. (*People v. Camba* (1996) 50 Cal.App.4th 857, 865-866.) Thus, section 654 now gives the trial court the discretion to impose sentence on any offense subject to the bar on multiple punishments. (Stats. 2021, ch. 441, § 1.)

Generally, "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed," so long as the amended statute takes effect before the judgment of conviction is final. (*In re Estrada* (1965) 63 Cal.2d 740, 748.) As properly conceded by the People, the change to section 654 is ameliorative in that it may lessen a defendant's punishment. Thus, it operates retroactively. The People, however, assert remand is unnecessary as the trial court stated it would impose the maximum sentence in this case. We agree.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Defendant limits his argument to count one, on which the trial court sentenced defendant and count two, where the sentence was stayed. He argues that under the change in law, the trial court could have chosen to sentence defendant to the lower term

7

on count two instead of sentencing him on count one, which bears the higher sentencing exposure. However, the trial court's comments demonstrate a clear intention to impose the highest possible sentence. The trial court stated that defendant would likely pose a serious potential of harm or a danger to the community if released on probation and relied on the factors as listed in California Rules of Court, rule 4.421 in aggravation to pick the upper term sentences where applicable.[3] These factors include defendant's prior convictions, the nature and seriousness of the crime including great violence and bodily harm with the use of a gun, defendant's prior prison terms and prior performance on probation or parole. Given these statements, no purpose would be served by remanding this case for reconsideration. (*People v. Gutierrez, supra*, 58 Cal.4th at p. 1391.)

We note, however, that the four-year term imposed under count two is unauthorized. An unauthorized sentence may be corrected at any time. (*People v. Smith* (2001) 24 Cal.4th 849, 854.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) In such circumstances, "[a]ppellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Ibid*.) Here, defendant suffered two prior strikes and is subject to the alternative sentencing scheme under the Three Strikes law, rendering his sentence a minimum term of 25 years to life, with the firearm enhancements. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 524 ["The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense."]; *People v. Dotson* (1997) 16 Cal.4th 547, 556 [The Three Strikes law "prescribes a method by which [a]

---

[3] We note that the imposition of the upper term was justified by relying, in part, on prior convictions for which certified records were introduced, as permitted under the statute. (§ 1170, subd. (b)(3), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.).)

8

defendant's minimum indeterminate life term is calculated."].)  We order the term of four years imposed and stayed under count two vacated.

III

*Fines and Fees*

The trial court did not orally impose a mandatory court operations assessment of $120 (§ 1465.8) and a mandatory criminal conviction assessment of $90 (Gov. Code, § 70373), but these assessment fees are reflected on the abstract of judgment.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the parties agree that when the trial court found defendant indigent, it improperly imposed the assessments under section 1465.8 and Government Code section 70373.  We disagree and instead conclude that the trial court erred in not imposing the assessments  as part of the judgment.  We also conclude that because a restitution fine is mandatory under section 1202.4, it must be imposed, with an identical fine imposed and stayed under section 1202.45.  We will modify the judgment accordingly.

First, while the trial court agreed to waive all nonmandatory fines and fees, the fines and assessments under sections 1465.8, 1202.4, and Government Code section 70373 are mandatory and may not be included in the trial court's waiver.

Next, we are not persuaded the analysis in *Dueñas* is correct.  Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but found that the same did not apply for restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded that the principles of due process do not supply a procedure for objecting to the fines and assessments at

9

issue in *Dueñas* and in this proceeding based on the present ability to pay. (See *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860; *People v. Cota* (2020) 45 Cal.App.5th 786, 795; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 924-929.) Having done so, we reject defendant's claim that the assessment fees should be vacated.

Instead, given the mandatory nature of the assessments, we conclude that the judgment must be modified to impose them, as reflected in the abstract of judgment. While the abstract of judgment lists these assessments, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

For the same reasons, the trial court erred in not imposing a restitution fine of $300 (§ 1202.4), with an identical parole revocation fine imposed and stayed (§ 1202.45). These fines are mandatory and not subject to a determination of defendant's ability to pay. Because the failure to impose mandatory assessment amounts constitutes an unlawful sentence, it may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853.) Accordingly, we order these fines imposed as part of the judgment.

DISPOSITION

The judgment is modified to strike the four-year sentence on count two and to impose a $120 court operations assessment (§ 1465.8) and a $90 criminal conviction assessment (Gov. Code, § 70373), a restitution fine of $300 (§ 1202.4), with an identical parole revocation fine imposed and stayed (§ 1202.45). The trial court is directed to prepare an amended abstract of judgment and to deliver a certified copy to the Department of Corrections and Rehabilitation. We additionally direct the trial court to

amend the abstract of judgment to reflect defendant's last name "Baptiste" as "Batiste."
As modified, the judgment is affirmed.


                                                    /s/
                                                  HOCH, J.



I concur:



  /s/
RAYE, P. J.


11

Robie, J., Concurring and Dissenting.

I concur in parts I and II of the Discussion of the majority opinion, but respectfully dissent to part III. The trial court found defendant indigent. (Maj. opn. *ante*, at pp. 9-10.) I agree with *Dueñas* that principles of due process would preclude a trial court from imposing mandatory fines, fees, and assessments if the defendant demonstrates he or she is unable to pay them. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168.) The trial court thus acted within its authority and discretion when it declined to impose the court operations assessment, criminal conviction assessment, and restitution fine.

" 'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.' [Citation.] 'If the clerk includes fines [and assessments] in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines [and assessments] must be stricken from the minutes and the abstract of judgment.' " (*People v. Clark* (2021) 67 Cal.App.5th 248, 260-261.)

I believe the matter should be remanded for the trial court to conform the abstract of judgment to the oral pronouncement, thereby striking the court operations assessment and criminal conviction assessment not orally imposed.


                   /s/
                   ROBIE, J.